IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERMONT L. BROUSSARD, :
:
    Plaintiff :
: CIVIL NO. 1:CV-15-1568
  vs. :
: (Judge Caldwell)
DAVID J. EBBERT, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I.   *Introduction*

On August 4, 2015, the pro se plaintiff, Dermont Ladale Broussard, a federal inmate housed at the United States Penitentiary at Lewisburg (USP Lewisburg), Pennsylvania, filed this civil-rights action. (Doc. 1). He also seeks leave to proceed *in forma pauperis*. (Doc. 2). Broussard alleges that he was subjected to excessive force and to a sexual assault by prison staff following a December 28, 2014, Special Management Unit (SMU) cell extraction. He also claims staff destroyed his personal property during the event. Named as defendants are Warden David Ebbert, Michael D. Tapelski and Mr. C. Darnell Strolde.

The Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii). Upon screening the Complaint, the court will grant Broussard's request to proceed *in forma pauperis* but dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to Broussard's failure to state a claim on which relief may be granted against the named defendants. Broussard,

however, will be given leave to file an amended complaint specifically identifying those Bureau of Prison (BOP) and/or USP Lewisburg officials personally responsible for allegedly violating his constitutional rights by using excessive force against him, sexually assaulting him and destroying his personal property on December 28, 2014.

II.     *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* 28 U.S.C. § 1915 requires the court to screen the complaint.  Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint.  *See* 28 U.S.C. § 1915A.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).  *See also Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013)(a federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief")(internal quotation marks omitted).

"The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *See Davis v.*

*Samuels*, 608 F. App'x 46, 48 (3d Cir. 2015)(nonprecedential)(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

When reviewing a complaint under 12(b)(6), the court must accept all factual allegations as true and construe them in the light most favorable to the non-moving party. *Pearson v. Sec'y Dept. of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient "facts to state a claim to relief that is plausible on its fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964, the complaint must set forth sufficient factual allegations "to raise a right to relief above the speculative level . . ." *Id.* at 570, 127 S.Ct. at 1965. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*,

780 F.3d 184, 193 (3d Cir. 2015)(quoting *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted).

Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245-46 (3d Cir. 2008).

With these principles in mind, we set forth the background to this litigation, as Plaintiff alleges it.

III. *Background*

Broussard's three-page Complaint is full of legal assertions and few factual allegations.*¹* Yet it is possible to discern the following from the Complaint in conjunction with the exhibits attached to Plaintiff's motion to proceed *in forma pauperis*: On December 28, 2014, Broussard was housed in J Block at USP Lewisburg. At approximately 7:35 a.m., Broussard was involved with unidentified prison staff in a use-of-force incident allegedly necessitated by his refusal to submit to hand restraints to be removed from his SMU cell. (Doc. 2, ECF p. 5). Broussard allegedly became

---

¹ Portions of Broussard's Complaint are indiscernible due to his poor penmanship and failure to leave a line of blank space between each written line of text.

argumentative and "showed signs of imminent violence." (*Id.*)  He also would not allow his cellmate to leave the cell or speak with staff. (*Id.*)

Broussard claims staff used excessive force when extracting him from his cell. He reports the event was videotaped. (Doc. 1, ECF p. 3). Broussard was then stripped naked, placed in leg shackles, waist chain, and hand cuffs with a "black box that was double wrapped." (*Id.*) While restrained, he was sexually assaulted by unidentified staff. Finally, personal property was either confiscated or destroyed by prison staff during this event. *See* Doc. 2, ECF pp. 6-7.

Broussard seeks five million dollars in damages.

IV. *Discussion*

    *A. Failure to State a Claim Against the Named Defendants*

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil-rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Liability cannot be imposed on a defendant in a § 1983 claim based on a respondent superior theory. *Id.*

Broussard does not mention Warden Ebbert, Michael Tapelski or C. Darnell Strolde anywhere within the text of the Complaint. Likewise, none of their names appears in the cited exhibits attached to his motion to proceed *in forma pauperis*. Accordingly, Broussard has failed to state a clam for relief against any of the named defendants. *See Evancho*, 423 F.3d at 353. Thus, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B. *Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. In this instance, it is possible that Broussard will be able to cure the identified deficiencies of his Complaint by amendment. As such, Broussard will be granted twenty-one days to file an amended complaint. If Broussard decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Broussard is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint will be waived.

Broussard is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Stated more simply, Broussard should provide facts supportive of his basic claim against each defendant. This information should provide answers to the basic questions of who was involved, what action each defendant took that violated his constitutional rights, as well as where and when the alleged events took place. Broussard must also specify the relief he seeks with regard to each claim.

Broussard's failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Finally, Broussard is also cautioned that illegible submissions will be returned to him without consideration.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 15, 2015