IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERMONT L. BROUSSARD,                :
                                     :
        Plaintiff                    :
                                     :          CIVIL NO. 1:CV-15-1568
    vs.                              :
                                     :            (Judge Caldwell)
DAVID J. EBBERT, *et al.*,           :
                                     :
        Defendants                   :


*M E M O R A N D U M*

I.    *Introduction*

        The pro se plaintiff, Dermont L. Broussard, a federal inmate housed at USP

Lewisburg, filed this civil-rights action in August 2015.  Presently before the court is

Broussard's motion for appointment of counsel (Doc. 20).  For the following reasons, the

motion will be denied.


II.    *Background*

        In his Complaint, Broussard alleges he was involved in a use-of-force incident

on December 28, 2014, at USP Lewisburg.  (Doc. 1, Compl.)  He claims a video of the

event will show staff used excessive force against him when extracting him from his J Block

cell.  He also claims prison staff sexually assaulted him and destroyed his personal

property.  (*Id.*)  Broussard did not connect any of the events to the named defendants

(Warden Ebbert, Michael Tapelski or Darnell Strolde).  (Doc. 12).

The court screened Broussard's Complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to Broussard's failure to state a claim for relief against any of the named defendants.  Broussard was granted leave to file an Amended Complaint. (Docs. 12 and 13).  On October 22, 2015, we granted Plaintiff's request for an enlargement of time to file an amended complaint.  (Docs. 17 and 18).  Broussard has until November 23, 2015, to file his amended complaint.

III.    *Discussion*

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel."  (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation.  *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law."  *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457

-2-

(3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).  If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly."  *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel."  *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Plaintiff claims he "has missed every set deadline set forth from the court." (*Id.*)  He believes his "ability to follow breadcrumbs are beyond his scope," thus necessitating his request for counsel.  (*Id.*)  To date, Broussard has not missed any filing deadlines.  He did seek an enlargement of time to file his amended complaint, which the

court granted.  He clearly has the ability to communicate with the court.  He has command

of the English language and the ability to convey his Complaint, and other matters, to the

court.  To the extent his request for counsel is premised on the fact of his incarceration or

his indigent status, these facts do not warrant the appointment of counsel given this court's

liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30

L.Ed.2d 652 (1972).  There is no evidence, at this early point in the litigation, that any

prejudice will befall Broussard in the absence of court-appointed counsel.  At this point,

Broussard is obligated to file an amended complaint setting forth the basis of his claim for

relief, and identifying what role each of those he names as a defendant played in violating

his constitutional rights.  Based on Broussard's filings to date, this task is not beyond

Broussard's abilities.  In the event that Plaintiff needs additional time to file his amended

complaint, he need only ask to the court as he did before. Consequently, at this time,

Broussard's request for counsel will be denied.

      An appropriate order follows.[1]

                    /s/ William W. Caldwell
                    William W. Caldwell
                    United States District Judge

Date:  November 16, 2015

---

  [1] Broussard suggests the court erred when directing prison officials to commence remitting the $350.00 filing fee in installments when he was granted leave to proceed *in forma pauperis*. (Doc. 20).  He is mistaken.  The grant of *in forma pauperis* standing does not relieve the plaintiff of his obligation to pay the filing fee in full.  *See* 28 U.S.C. § 1915(b).  Instead, it allows him to commence his civil-rights action, regardless of his ability to pay the filing fee in one lump sum. Broussard signed an Authorization acknowledging this obligation and authorizing prison officials to deduct the fee periodically from his account.  *See* Doc. 9.