IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERMONT L. BROUSSARD,         :
                                    :

    Plaintiff                 :
                                    :    CIVIL NO. 1:CV-15-1568

   vs.                   :
                                    :    (Judge Caldwell)

DAVID J. EBBERT, *et al.*,       :
                                    :

    Defendants        :

## *M E M O R A N D U M*

### I.    *Introduction*

The pro se plaintiff, Dermont L. Broussard, a federal inmate housed at USP Lewisburg, filed this civil-rights action in August 2015.  Presently before the court for screening pursuant to 28 U.S.C. § 1915 is Broussard's Amended Complaint.  (Doc. 24). For the following reasons, Broussard's Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### II.    *Standard of Review*

As with his original Complaint, the court is required to screen Broussard's Amended Complaint because he seeks relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

"The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *See Davis v. Samuels*, 608 Fed. App'x 46, 48 (3d Cir. 2015)(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).  Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."  *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir.  2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964.  Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. at 1974.  "The plausability standard is not akin to a 'probabililty requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, *Twombly*, 550

U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal

conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to

less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780

F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596,

30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197,

2200, 167 L.Ed.2d 1081 (2007).  Yet, even a pro se plaintiff "must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245

(3d Cir.2013) (citation omitted).  Pro se litigants are to be granted leave to file a curative

amended complaint even when a plaintiff does not seek leave to amend, unless such an

amendment would be inequitable or futile.  *See Estate of Lagano v. Bergen Cnty.*

*Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III.   *Background*

Broussard filed his original Complaint on August 4, 2015.  (Doc. 1).  He

alleged he was involved in a use-of-force incident on December 28, 2014, at USP

Lewisburg.  (Doc. 1, Compl.)  He claims a video of the event will show staff used excessive

force against him when extracting him from his cell.  He also claims prison staff sexually

assaulted him and destroyed his personal property.  (*Id.*)  Named as defendants are USP

Lewisburg's Warden, David Ebbert; Bureau of Prisons Regional Counsel, Michael

Tapelski;[1] and Administrative Remedy Coordinator, Darnell Strolde.  (*Id.*)

---

[1]  The correct spelling of this defendant's name is Tafelski.

On September 14, 2015, the court screened Broussard's Complaint as required by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii).  Because Broussard did not connect any of the events to the named defendants, he was directed to file an amended complaint within twenty-one days.  (Doc. 12).  Broussard was advised that he needed to provide "facts supportive of his basic claims against each defendant.  This information should provide answers to the basic question of who was involved, what action each defendant took that violated his constitutional rights, as well as where and when the alleged events took place." (*Id.*, ECF p. 7).  He was advised that his failure to file a proper amended complaint would result in the dismissal of his action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief could be granted.  (*Id.*)

On November 22, 2015, Broussard filed a "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" in this case.  (Doc. 23).  He claims he was sexually assaulted, endured the improper application of physical restrains, had property confiscated and denied medical care for injuries he received when assaulted.  (*Id*, ECF p. 6).  He claims he was subjected to excessive force when extracted from his cell and then stripped naked and placed in "black box" restraints.  (*Id.*, ECF p. 7).  He seeks monetary relief and a change of his custody classification level.  (*Id.*, ECF p. 8).[2]

As noted, Broussard also filed his Amended Complaint (Doc. 24).  He again names the same defendants.  He again states he was subjected to excessive use of force, sexual assault, the improper application of physical restraints, denied medical care for his

---

[2] Broussard's petition for writ of habeas corpus, improperly filed in this action, will be dismissed.  *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or under his conviction, [a civil rights action] is appropriate.")

injuries, and had his property confiscated.  He does not identify when these events took

place.  He does not describe what injuries he sustained as a result of being assaulted or

improperly physically restrained, and does not name any correctional or medical staff who

denied him care for his injuries.  Without identifying when he was assaulted, or by whom,

Broussard names Warden Ebbert "as the respondent supervisory defendant [who] may be

liable if he directed or knew of and acquiesced in the deprivation" of his civil rights.  (*Id.*,

ECF p. 3).  He alleges Michael Tafelski and others "conspired" and "plot[ted] in bad faith" in

an "obstruction of justice" by overlooking his claims concerning the alleged assault in

denying his Federal Tort Claim.[3]  (*Id.*)   Darnell Strolde is not mentioned within the context

of Broussard's factual allegations.  He is, however, named as a "conspirator," in the relief

section.  Broussard seeks monetary damages as well as injunctive relief in the form of

medical appointments with unspecified outside health care professionals.  (*Id.*, ECF p. 4).

IV.     *Discussion*

        To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct

complained of was committed by a person acting under color of state law; and (2) the

conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by

the laws or the Constitution of the United States.  *Rehberg v. Paulk*, ___ U.S. ___, ___,

132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Schneyder v. Smith*, 653 F.3d 313, 319 (3d

Cir. 2011).

---

    [3] Although Broussard references documents attached to his Amended Complaint, no such
documents or exhibits were filed with the court.

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior. Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000).

Likewise, participation in the after-the-fact review of a grievance or other administrative remedy is not enough to establish personal involvement. *See, e.g. Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) (nonprecedential) (finding "an officer's review of, or failure to investigate,

-6-

an inmate's grievances generally does not satisfy the requisite personal involvement"
requirement); *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (nonprecedential)
("The District Court properly dismissed these [supervisory] defendants and any additional
defendants who were sued based on their failure to take corrective action when grievances
or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir.
2006) (nonprecedential) (allegations that prison officials and administrators responded
inappropriately to inmate's later-filed grievances do not establish the involvement of those
officials and administrators in the underlying deprivation); *Burnside v. Moser*, 138 F. App'x
414, 416 (3d Cir. 2005) (nonprecedential) (failure of prison official to process administrative
grievance did not amount to a constitutional violation or personal involvement in the alleged
constitutional deprivation grieved).

When the court screened Broussard's original complaint, we were very
specific as to its deficiencies.  Broussard was cautioned that his amended complaint could
not rely on other documents, and that it must be factually complete as to his allegations as
to each defendant.  He was urged to clearly identify the parties he seeks to name as
defendants as well as actions each defendant took that violated his constitutional rights.
The allegations of Broussard's Amended Complaint fail to allege the personal involvement
of the named defendants or provide fair notice to them of his claims against them and the
grounds upon which those claims rest.

Broussard was cautioned to clearly identify the parties he seeks to name as
defendants as well as actions each defendant took that violated his constitutional rights.

His Amended Complaint, however, fails to allege the personal involvement of any of the named defendants in the alleged physical and sexual assaults, denial of medical care, or confiscation of personal property.  He only asserts in a conclusory fashion that Warden Ebbert "may be liable" for directing or acquiescing in these events but does not suggest he knew of the alleged activities prior to or simultaneous to their alleged occurrence.  At best he suggests Warden Ebbert and others failed to properly investigate the events after they occurred and thus failed to take corrective action.  These allegations fail to state a claim against the named defendants.

V.    *Conclusion*

For the reasons set forth above, Broussard's claims against Warden Ebbert, Regional Counsel Tapelski and Darnell Stroldes will be dismissed for failure to state a claim upon which relief may be granted.   Further, because Broussard was advised that his original Complaint was deficient, and was given the opportunity to cure the identified deficiencies, and then filed an Amended Complaint containing largely the same faulty factual allegations as the original Complaint, the court will not grant Broussard leave to amend further as doing so would be futile.  *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012)(nonprecedential).

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  December 7, 2015